MODESITT, Respondent, v. FLATHEAD COUNTY, Appel-
LANT.

(No. 4,502.)

(Submitted January 19, 1920. Decided February 9, 1920.)

[187 Pac. 911.]

*County Officers—Assessors—Special Deputies—Compensation—
Board of County Commissioners—Powers.*

1. *Held,* that while the board of county commissioners has no power
to decrease the compensation of regular deputies of county officers fixed
by section 1 of Chapter 222, Laws of 1919, it has discretion, under sec-
tion 2 thereof, to fix the compensation of extra deputies appointed for
temporary service, at any rate it may deem expedient, provided it does
not exceed the rate paid the regular deputies.

*Appeal from District Court, Flathead County; T. A. Thomp-
son, Judge.*

SUBMISSION of controversy under agreed statement of facts by
F. F. Modesitt against Flathead County. Judgment for plain-
tiff and defendant appeals. Reversed and remanded, with direc-
tions to enter judgment for defendant.

Cause submitted on briefs of counsel.

*Mr. T. A. MacDonald,* for Appellant.

*Mr. J. E. Erickson,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

This controversy was submitted to the district court for de-
termination under the provisions of section 7254 of the Revised
Codes, upon an agreed statement of facts, of which the following
is a summary:

The defendant is a county of the fourth class. On January
6, 1919, the board of county commissioners of the defendant, at
[1] the request of the county assessor, by an order entered in
its minutes allowed five special deputies to be employed by the

assessor at a compensation for each of them of $125 per month during the time of their service. These deputies were to be "put to work when necessary and retired when not needed." The whole number so allowed was in excess of the number the assessor was authorized by law to appoint. The plaintiff, having been appointed under the order, served for a part of the month of March and for the months of April, May and June. At the end of each month he presented to the auditor, properly verified, his claim for compensation at the rate of $137.50 per month. This officer refused to allow compensation at a greater rate than that fixed by the board. The board approved his action and allowed plaintiff compensation accordingly. The difference between the gross amount thus allowed him for his services during the time he was employed and that claimed by him at the higher monthly rate was $44.75. In making the allowance as it did, the board claimed that it is vested with the power, under the provisions of section 2 of Chapter 222 of the Laws of the Sixteenth Session of the Legislature, to fix the compensation at any rate, provided the rate does not exceed $137.50 per month. The position assumed by plaintiff was that the board has no discretion whatever, and that he was therefore entitled to receive compensation at the rate claimed. The district court sustained plaintiff's contention and entered judgment in his favor. The defendant has appealed.

The general purpose of the Act referred to is to fix the annual compensation of the regular deputies of county officers, the rate being determined by the class within which each county falls, and to vest in the board of commissioners of each of the several counties the power to fix the compensation of all other deputies or assistants. So far as applicable here, it provides:

Section 1: "The annual compensation allowed to any deputy or assistant is as follows: * * * Counties of the fourth and fifth class. * * * Deputy treasurer and deputy assessor allowed by law at a rate of not less than one thousand, six hundred and fifty dollars. * * * "

Section 2: "The boards of county commissioners in the several counties of the state shall have the power to fix the compensation allowed any deputy or assistant under this Act, where any deputy or assistant is employed for a period of less than one year. The compensation of such deputy or assistant shall be for the time so employed provided the rate of such compensation shall not in any event be to exceed the rates fixed by this Act for similar deputies or assistants."

Section 1 has reference to compensation of deputies who are appointed by the several assessors in the counties of the fourth and fifth classes for services during the term. It fixes this at the annual minimum rate of $1,650, which is equivalent to the monthly minimum rate of $137.50. Section 2 has reference only to deputies who may be appointed for temporary service during the busy months of the year when the assessors are engaged in obtaining schedules of the property of taxpayers from which to make up their assessment-rolls. As to the former, the board cannot decrease the compensation fixed by section 1. As to the latter, it is vested with discretionary power to fix the compensation at any rate it may deem expedient for the time during which the deputy serves, provided it does not exceed the rate fixed for regular deputies. The first sentence expressly confers the power to fix the compensation of those appointed for temporary service. The proviso then declares that "the rate of such compensation shall not in any event exceed the rate fixed by this Act for similar deputies or assistants"; that is, for deputies or assistants whose compensation is fixed by section 1. The plaintiff, having accepted service under the order of the board, was entitled to receive the monthly compensation fixed by it and no more.

The judgment is therefore reversed, and the cause is remanded to the district court, with direction to render judgment in favor of the defendant.

*Reversed and remanded.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY, MATTHEWS and COOPER concur.