FARRELL, RESPONDENT, *v.* YELLOWSTONE COUNTY,
APPELLANT.

(No. 5,288.)

(Submitted September 11, 1923. Decided September 21, 1923.)

[218 Pac. 559.]

*County Officers — Extra Deputies — Compensation — Power of
Board of County Commissioners to Fix—County Clerks—
Employment—When Temporary.*

County Officers—Extra Deputies—Compensation—Board of County Commissioners may Fix.
1.  Under section 4878, Revised Codes of 1921, the board of county commissioners has power to fix the salaries of extra deputies or assistant county officers at any rate it may deem proper, provided the rate so fixed does not exceed the rate fixed for regular deputies.

Same—Extra Deputies—Employment Temporary, When.
2.  Where the salary of an extra deputy in the county clerk's office had been fixed at a monthly rate, her employment is presumed to have been from month to month, under section 7795, Revised Codes of 1921, terminable at the end of each monthly period, and such employment was therefore of a temporary and not of a permanent character.

*Appeal from District Court, Yellowstone County; A. C.
Spencer, Judge.*

ACTION by Brenda K. Farrell against Yellowstone County.
Judgment for plaintiff, and defendant appeals. Reversed and
remanded, with directions to enter judgment for defendant.

Cause submitted on briefs of Counsel.

*Mr. John B. Tansil* and *Mr. George S. Smith,* for Appellant.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. Wm.
V. Beers,* for Respondent.

MR. JUSTICE STARK delivered the opinion of the court.

Yellowstone county is a county of the third class, and under
the provisions of section 4875, Revised Codes of 1921, the

county clerk thereof is entitled to appoint three deputies whose minimum salaries are fixed by section 4873 at $1,950 per annum for the chief deputy, and $1,650 per annum for the other two. Such deputies were appointed by this officer, and their salaries duly fixed by the board of county commissioners at the above named minimum. ·

Section 4878 provides: "The board of county commissioners [1] in each county is hereby authorized to allow the several county officers to appoint a greater number of deputies than the maximum number allowed by law when, in the judgment of the board of county commissioners, such greater number of deputies is needed for the faithful and prompt discharge of the duties of any county office, and to fix the salary of such deputies appointed in excess of the maximum allowed by law: Provided, such salary shall not exceed the maximum salary of deputies provided by law."

Under the power conferred by the above section the board of county commissioners authorized the clerk to appoint additional assistants, and under this authority the plaintiff was appointed as an assistant county clerk and served as such from January to December, 1922, both inclusive. On December 29, 1921, the board of commissioners by resolution fixed the salaries of deputies and assistants until further notice at the sum of $125, beginning on January 1, 1922.

For some time prior to January 1, 1922, plaintiff had been employed as assistant in the office of the county clerk at a salary of $137.50 per month, and after the passage of the above resolution continued to act as such during the year 1922, as above stated. At the end of each month during that year she filed with the county auditor a verified claim for services rendered during the month, in which she claimed her salary at $125 per month, each of which claims, however, contained a notation to the effect that she contended that there was $12.50 additional due to her. These claims were each duly allowed for the sum of $125, and warrants therefor issued, delivered to and cashed by the plaintiff.

In December, 1922, the plaintiff filed with the county auditor duly verified claims for "salary due and unpaid" for the twelve preceding months, at $12.50 per month, amounting in all to $150, which claims were disapproved by the auditor and disallowed by the board of county commissioners, from which action by the board she appealed to the district court. The appeal was submitted to the court upon an agreed statement reciting the above facts, and others not deemed material here, and by judgment therein rendered the action of the board of county commissioners was reversed. From this judgment the defendant has appealed.

The sole question presented for determination is whether under section 4878 the board of county commissioners had authority to fix the plaintiff's salary as assistant in the office of the county clerk at a sum less than the minimum of $1,650 per year (or $137.50 per month), fixed by section 4873 as the "compensation allowed to any deputy or assistant." The Code sections referred to do not appear to make any distinction between the words "deputy" and "assistant." Whatever plaintiff's position may have been designated, she was in fact an extra deputy appointed under the provisions of section 4878; otherwise, there was no authority therefor.

Since plaintiff's salary was fixed at a monthly rate, her ap-[2] pointment or employment is presumed to have been from month to month (sec. 7795), and could have been terminated at the end of any monthly period; hence it was not a permanent, but only a temporary, employment. A similar question was presented to this court in *Modesitt* v. *Flathead County*, 57 Mont. 216, 187 Pac. 911, and it was there decided that section 4873 (referred to in that decision as section 1 of Chapter 222, Laws of the Sixteenth Legislative Assembly) has reference to the compensation of deputies appointed by the several county officers for service during the term, while section 4874 (sec. 2 of the above Act) has reference only to deputies who may be appointed for temporary service, and that as to deputies or assistants so appointed the board is vested with discretionary

power to fix the compensation at any rate it may deem expedient, provided it does not exceed the rate fixed for regular deputies.

So far as the authority of the board of county commissioners to fix the compensation of deputies appointed in excess of the number allowed by section 4875 is concerned, there is no difference between the provisions of sections 4874 and 4878, and the construction of 4874 in the *Modesitt Case* is controlling in this case, and this gave the board authority to fix the plaintiff's salary as it did.

An examination of sections 3090 and 3091, Revised Codes of 1921, referred to by counsel, shows that they have no application to this case.

The judgment of the district court of Yellowstone county is reversed and the cause remanded, with directions to enter judgment in favor of defendant.

*Reversed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Galen concur.